ALFRED HENSLEY *v*. NAT HOLLY AND OTHERS.

**Statutes—Private Acts—Notice—English Rule.**
    An act of the legislature, although private, technically private in
its character, is notice to all the citizens in Kentucky.
    The English rule with regard to private acts of Parliament does
not prevail in this state, where all the acts of the General Assembly,
private as well as public, are published at the public expense.

**Public Lands—Possession at Time of Entry—Notice Junior Patentee.**
    The actual possession by the appellees at the time Hensley made
his entry and procured his patent, was enough to put him upon his
inquiring as to the nature of their claim.

APPEAL FROM MARSHALL COURT OF COMMON PLEAS.

December 8, 1870.

OPINION BY JUDGE LINDSAY:

This was a triangular contest between the heirs of Edward
Curd and Alfred Hensley, as to the ownership of a certain quar-
ter section of land in Marshall county.

    The land in contest was entered in the land office at Wides-
boro in the year 1833 in the name of Edward Curd, and was
shortly thereafter surveyed by Edward Curd, senior, who at that
time and whilst upon the land, claimed to be the party who had
made the entry. Said entry was not carried into a patent during
the life time of said Curd, but on the 17th of February, 1866, his
heirs procured the passage of an act of the General Assembly di-
recting the register of the land office to issue a patent for said land
in his name, which was accordingly done on the 30th of Novem-
ber, 1866.

    In the meantime Hensley had entered the same land in the
land office at Mayfield and procured a patent therefor on the
19th of May, 1866. This action was instituted by the heirs of Ed-
ward Curd, who finally dismissed their petition, but the litiga-
tion was kept up between the heirs of Edward Curd, Sr., and
Hensley.

    Upon hearing, judgment was rendered in favor of Curd's heirs,
and Hensley prosecutes this appeal. He insists that Curd's
heirs, by failing to carry the entry of 1833 into patent within the

time prescribed by an act of the General Assembly, approved the —— day of March, 1858, forfeited all claim to the land under said entry. "That the act of February 17, 1866, was a private statute, and did not operate as notice either actual or constructive, of the rights 'Curd's heirs acquired thereunder. That he had no actual notice of its passage nor of the claims of appellees. That he acquired his title in good faith, and that as he holds the elder patent, he is in estimation of law, the owner of the land and entitled to the possession of the same." .

The pleadings and evidence warrant the conclusion that Holly and others who entered under the heirs of Edward Curd, Sr., were in the actual possession of the land at the time of the passage of the act of February 17, 1866, as well as at the time of the subsequent entry by Hensley of the same.

The act of February the 17th, 1866, invested them with at least an equitable title to the land as against the Commonwealth of Kentucky, and all who might subsequently acquire title through or from her. We cannot admit that said act, although technically private in its character, was not notice to all the citizens of Kentucky. The English rule with regard to private acts of Parliament does not prevail in this state where all acts of the General Assembly, private as well as public, are published at the public expense.

Besides the actual possession by the appellees at the time Hensley made his entry and procured his patent, was enough to put him upon enquiry as to the nature and extent of their claim. If these conclusions are correct, of which we entertain no doubt, it is evident that Hensley cannot be regarded as an innocent purchaser without notice.

Wherefore the judgment of the court below is affirmed.

*Lindsey, for appellant.*

*Stubblefield, Gilberts, for appellees.*